U.S. District Court
Middle District
Florida

2014 JUL 24  PM 12: 25
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

FILED

Brian A.K. Wilbur,

      plaintiff, :

-V-

United States of America,
U.S. Marshall Service,
State of Florida,
Florida Department of Law Enforcement,(FDLE) :
City of Jacksonville,
Jacksonville Sheriff's Office, (JSO),
Office of the Public Defender Duval County Et.al,

Complaint

NowComes, plaintiff Brian Albert Kelsey Wilbur, a Citizen of the United States of America, resident of the City of Jacksonville in the State of Florida, alleging, inter alia, that the defendants by some mixture of negligence, recklessness, and willfulness, utterly failed in their duties, to uphold the Constitution and laws of the United States of America as well as the State of Florida, relating to the investigation,

prosecution, conviction, imprisonment, and defence of Brian Albert Kelsey Wilbur, and as a result of defendants acts and omission taken under Color of State law, defendants have caused plaintiff continued and repeated depreviation of rights secured by the Constitution and laws of the United States and the State of Florida.

This Complaint is brought persuant to any and all applicable Code, Statute, or amendment plaintiss lists only thoes that are known to him: The 4th, 5th, 6th, 3, 14th Amendments to the Constitution of the United States; 42 U.S.C.A. $ 1983; 28 U.S.C.A. $ 1346; 28 U.S.C.A. $ 2674; The Constitution of the State of Florida; Fla. Stat. $ 768.28; Fla. Stat. $ 95.11; Et.al.


Statement of Fact


Count I
(2008 CF 1630 CRG)

* On 1-25-2008, the Florida Department of Law Enforcement (FDLE) contacted the U.S. Marshal's Office 3, the Jacksonville Sheriff's Office (JSO). FDLE requested that JSO 3, the U.S. Marshal's Office locate and apprehend the plaintiff because according to FDLE plaintiff was required to register persuant to Fla. Stat. $ 943.0435.

* Plaintiff was not required to register persuant to $ 943.0435.

* FDLE was relying on incorrect or incomplete information, and their error was precipitated by government carelessness.

* On February 1st 2008, Plaintiff was helping a neighbor move and upon returning to 3500 University Blvd. N. Jacksonville FL, noticed that his apt. was surrounded by U.S. Marshal's w/guns drawn.

* Plaintiff's roommate Adam Martin went to investigate. Plaintiff arrived a few minutes later and was "put on the ground" by order 3. threat of gun, wielded, by person's wearing blue jackets with lettering identifying them as U.S. Marshal's.

* Plaintiff was handcuffed 3. taken into the custody of a federal agent, deputy U.S. Marshal Rachael St. Clair Moore.

* Plaintiff was told by Agent Moore that her facts 3. information were based on an "annonomous letter" that she now beleaved was unreliable and Request for assistance from FDLE.

* Plaintiff was detained until a transport officer (of the JSO) arrived and custody was transfered from Federal Custody by U.S. Marshal to State Custody by the Jacksonville Sheriff's Office.

* U.S. Marshal (Rachael St. Clair Moore) informed JSO deputy (E.J. Bawroski #60320) that plaintiff was in violation of (2008) Fla. Stat. §943.0435.

* Plaintiff was transported to the JSO Pretrial Detention Facility (PTDF) in downtown Jacksonville and booked under (2008) Fla. Stat. §943.0435 without a warrant, based on the statement of, a Federal Law Enforcement Agent of the U.S. Marshal's Service and the FDLE, without Cause & illegally. No Crime had been committed.

* Based on report from law enforcement agencies the 4th Judicial Circuit Court, Duval County, Florida, found Cause to bind plaintiff over for trial.

* Plaintiff was appointed Counsel, Law office of Matt Shirk, Public Defender.

* Law office of Matt Shirk Public Defender, assigned J. Forrest    Bar #30297 to represent plaintiff.

* State of Florida (ASA Samuel P. Garrison    Bar #0507359) Filed Felony information (2008CF 1630 CRG).

* Plaintiff was advised by his lawyer that there was No Chance to succeed at trial with his type of case and that if he did not take a plea he would wind-up

in prison for a very long time.

* Based soley on advisment from Court appointed counsel plaintiff entered into a negotiated plea agreement. being actually, factually, & legally innocent.

* Plaintiff was Convicted & Sentenced to (30 days) the Duval County Jail.

* Plaintiff was forced to register as a sex offender before he would be released from jail.

* At the end of his sentence plaintiff was released from jail and was homeless.

* Case # 2008CF1630CRG was vacated & Set aside. On May 28th 2014 the State of Florida Conceded that plaintiff had been Convicted & Sentenced in error.

## Count II
### (2010CF11742CRH)

* In 2010 plaintiff was living on Riverside Ave. in Jacksonville Florida with friend Adam Martin and upon returning home for lunch was arrested by JSO (T.A. Lee #6104) & (J.A. Well #7474) and Charged under (2010) Fla. Stat. §943.0435 without Cause & illegally

where No Crime had been Committed.

* Plaintiff was transported to (PTDF) Duval County Jail and booked Without a warrant.

* A handwritten notation was made on plaintiffs Arrest and Booking Report.

* Based on incorrect or incomplete information provided by law enforcement the 4th Judicial Circuit Court Duval County Florida found Cause to bind plaintiff over for trial.

* The 4th Judicial Circuit Court, Duval County, Florida, appointed Law office of Matt Shirk Public Defender to represent the plaintiff.

* The Law office of Matt Shirk Public Defender assigned K. Sadler Bar# 572381 to represent Plaintiff.

* The State of Florida (Alan S. Mizrahi Bar# 122300) Filed felony information (2010CF11742 CRH).

* Plaintiff was advised by his lawyer he had No Chance at trial partly due to one prior and Should Consider himself lucky he was not going to prison.

\* Based solely on advisment from Court appointed Counsel plaintiff entered into a negotiated plea agreement being actually, factually, & legally innocent.

\* Had plaintiff been advised that it simply was not possible for him to have violated Fla. Stat. §943.0435 and that he was innocent, plaintiff would not have entered into any plea negotiation and would not have been able to have been Convicted.

\* Plaintiff was Convicted & Sentenced to (55 days) the Duval County Jail.

\* Plaintiff was forced to register as a sex offender before he would be released from jail.

\* At the end of his sentence plaintiff was released from jail and was homeless.

Case # 2010CF11742CRH was Vacated & Set aside. On May 28th 2014 the State of Florida Conceded that Plaintiff had been Convicted & Sentenced in error.

Count III
(2011CF4743CRE)

* On 4-26-2011 plaintiff was with partner Marcus Rudolph returning from the beach and upon arriving at Mr. Rudolph's parents house was arrested by (T.A. Lee #6104) 3. (T.D. Harness #71) J50 3. Charged under (2011)Fla.Stat. 3943.0435 without cause 3. illegally where No Crime had been Committed.

* Plaintiff was transported to (PTDF) Duval County Jail and booked without a warrant.

* Based on incorrect or incomplete information provided by law enforcement the 4th Judicial Circuit Court Duval County Florida found Cause to bind plaintiff over for trial.

* The 4th Judicial Circuit Court appointed the Law Office of Matt Shirk Public Defender to represent plaintiff

* The law Office of Matt Shirk Public Defender assigned N. Carter to represent Plaintiff.

* The State of Florida (Alan S. Mizrahi Bar # 122300) filed felony information (2011CF4743CRE).

* Plaintiff was advised by his lawyer that he had No Chance at trial partly due to 2 priors and that he was lucky he was not going to prison.

* Based soley on advisment from Court appointed Counsel Plaintiff entered into a negotiated plea agreement being actually, factually, & legally innocent.

* Plaintiff was Convicted & Sentenced to (11 months) the Duval County Jail.

Plaintiff was sexually assaulted in 2011 at the ("P-Farm") facility JSO housed him in.

* Plaintiff reported the incident and was taken to Medical on an Emergency Medical Request for anal bleeding.

* While being triaged, medical Staff was interupted by a JSO deputy at a desk immediatly in the vicinity who felt Compelled to inform medical Staff that plaintiff was in jail for a "Sex offender Charge."

* At that time Medical Staff told plaintiff all they Could do for him was to give him a tampon.

* Plaintiff declined suggested medical treatment of a tampon.

* Plaintiff was returned to his assigned housing area.

* As of today plaintiff still has very present tear and scar tissue from the incident.

* At the end of his sentence plaintiff was released from jail and was homeless.

* Case #2011CF4743CRE was vacated & set aside. On May 28th 2014 the State of Florida conceded that plaintiff had been convicted & sentenced in error.

## Additional Facts

* While in jail plaintiff constantly lived in fear for his life & safty due to the stigma associated with his charge.

* Plaintiff never registered persuant to Fla.Stat. §943.0435 simply because he was not supposed to.

* Paragraph 10 of Count II is hereby stated for Count I & III as well.

* All imprisonment was unlawful and done against plaintiff's will.

A lack of probable cause may be established by proof
that a criminal proceeding was instituted on facts that
could as well be explained innocently.
Alterra Healthcare Corp. -V- Campbell (78 so. 3d @602) Fla. 2nd DCA (2011)
(citing Harris -V- Lewis State Bank (482 so. 2d 1378 (1382) Fla. 1st DCA (1986)

** Plaintiff never registered persuant to Fla. Stat. 943.0435
Simply Because he didn't have too.

Florida Case law is clear that law enforcement may not
rely upon incorrect or incomplete information to establish
probable cause when they are at fault in permitting the
records to go uncorrected. Albo -V- State of Florida (477 so. 2d 1071 (15)
Fla. 3rd DCA (1985) (Citing United States -V- Hensley 3, State -V- White (Fla. 95)
"It is repugnat to the principles of a free Society that a
person Should ever be taken into police custody
because of a Computer error precipitated by government
Carelessness. As automation increasingly invades modern
life, the potential for Orwellian mischief grows."
(Citations omitted) Douglas -V- U.S. (796 F. Supp. 2d 1354) M.D. Fla. (2011)

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

STATE OF FLORIDA,

CLERK'S NO. :   162008CF001630AXXX
DIVISION :   CR-G

v.

**BRIAN A/K. WILBUR         /**

## ORDER GRANTING DEFENDANT'S MOTION TO CORRECT SENTENCE

This matter is before the Court upon Defendant's construed Motion to Correct Illegal

Sentence filed pursuant to Florida Rules of Criminal Procedure Section 3.800(a).   The

Defendant alleges in his Motion that his conviction and sentence for failure to register as a sexual

offender is illegal because he was not legally required to register as a sexual offender.   Thus,

the motion was timely filed and this court has jurisdiction.   The State filed a Response on May

28, 2014 conceding the issue.   Accordingly, it is,

**ORDERED AND ADJUDGED** that the Defendant's Motion is hereby **GRANTED** for

the reasons stated in the State's Response.

It is further **ORDERED AND ADJUDGED** that the Defendant's conviction and

sentence is hereby vacated and set aside.

Either party has thirty (30) days from the date of this order to appeal this ruling.

---

**HON. JAMES DANIEL**
Circuit Court Judge

cc :   Sheila Ann Loizos, Assistant State Attorney

Brian A.K. Wilbur, DOC #J42428
c/o M.C.D.C., 5501 College Road, Key West, Florida 33040

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

STATE OF FLORIDA,                    CLERK'S NO. :    162010CF011742AXXX
                                          DIVISION :       CR-H

v.

**BRIAN A/K. WILBUR** _____/

## ORDER GRANTINGING DEFENDANT'S MOTION TO CORRECT SENTENCE

       This matter is before the Court upon Defendant's construed Motion to Correct Illegal Sentence filed pursuant to Florida Rules of Criminal Procedure Section 3.800(a).   The Defendant alleges in his Motion that his conviction and sentence for failure to register as a sexual offender is illegal because he was not legally required to register as a sexual offender.   Thus, the motion was timely filed and this court has jurisdiction.   The State filed a Response on May 28, 2014 conceding the issue.   Accordingly, it is,

       **ORDERED AND ADJUDGED** that the Defendant's Motion is hereby **GRANTED** for the reasons stated in the State's Response.

       It is further **ORDERED AND ADJUDGED** that the Defendant's conviction and sentence is hereby vacated and set aside.

       Either party has thirty (30) days from the date of this order to appeal this ruling.


                                         **HON. CHARLES COFER**
                                         Sitting Circuit Court Judge

cc :    Sheila Ann Loizos, Assistant State Attorney

       Brian A.K. Wilbur, DOC #J42428
       c/o M.C.D.C., 5501 College Road, Key West, Florida 33040

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

STATE OF FLORIDA,

CLERK'S NO. :    162011CF004743AXXX
DIVISION :    CR-E

v.

**BRIAN A/K. WILBUR**   /

## ORDER GRANTINGING DEFENDANT'S MOTION TO CORRECT SENTENCE

This matter is before the Court upon Defendant's construed Motion to Correct Illegal Sentence filed pursuant to Florida Rules of Criminal Procedure Section 3.800(a).   The Defendant alleges in his Motion that his conviction and sentence for failure to register as a sexual offender is illegal because he was not legally required to register as a sexual offender.   Thus, the motion was timely filed and this court has jurisdiction.   The State filed a Response on May 28, 2014 conceding the issue.   Accordingly, it is,

**ORDERED AND ADJUDGED** that the Defendant's Motion is hereby **GRANTED** for the reasons stated in the State's Response.

It is further **ORDERED AND ADJUDGED** that the Defendant's conviction and sentence is hereby vacated and set aside.

Either party has thirty (30) days from the date of this order to appeal this ruling.

**HON. TATIANA SALVADOR**
Circuit Court Judge

cc :   Sheila Ann Loizos, Assistant State Attorney

Brian A.K. Wilbur, DOC #J42428
c/o M.C.D.C., 5501 College Road, Key West, Florida 33040

Pursuant to Florida law "[F]alse arrest is defined as the unlawful restraint of a person against that person's will." In a false arrest action, probable cause is an affirmative defence to be proven by the defendant." Willingham -V- City of Orlando (929 so.2d 43(48) Fla. 5th DCA (2006) False imprisonment is also defined as the unlawful restraint of a person against their will but "the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty." Johnson -V- Barnes & Noble (437 F.3d 1112) 1116) 11th Cir. (2006). For a false imprisonment claim, plaintiff only need establish an unlawful detention and done so against his will. Infante -V- Whidden (2012) WL 6699135 (M.D. Fla. (2012)


Former prisoner who was wrongfully convicted stated claim against City's Sheriff for negligent hiring, supervision, and retention Under Florida law where complaint alleged that City's Sheriff owed prisoner duty, that prisoner was within "Zone of risk" created by their negligent hiring, retention, and supervision policies, and that as a result of City's Sheriff's actions prisoner suffered physical, mental and emotional injuries. Spadaro -V- City of Miramar (855 F.supp.2d 1317) S.D. Fla. (2012)

United States Supreme Court Justice
White, [HELD]
            that inadequacy of police training may
Serve as basis for §1983 municipal liability only where
failure to train amounts to deliberate indifference to rights
of persons with whom police come into contact.
City of Canton, Ohio -V- Harris (109 S.Ct. 1197) U.S.(1989)


Justice White,
    It may seem contrary to common sense to assert
that a municipality will actually have a policy of not
taking reasonable steps to train it's employees. But it
may happen that in light of the duties assigned to
specific officers or employees the need for more or
different training is so obvious, and the inadequacy so
likely to result in the violation of constitutional rights,
that the policy makers of the city can   reasonably be said
to have been deliberately indifferent to the need. In that
event, the failure to provide proper training may fairly
be said to represent a policy for which the City is
responsible, and for which the city may be held liable if
it actually causes injury.

The Civil Rights Act,
42 U.S.C.A. 1983

Every person who, under Color of any Statute, ordinance, regulation, Custom, or usage, of any State or Territory or the District of Columbia, Subjects, or Causes to be Subjected, any Citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, Shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress... [emphisis added]

It has been acknowledged that the purpose of 42 U.S.C.A. 1983 is to provide a Civil action to protect persons against the misuse of power possessed by Virtue of State law and made possible because a defendant was Clothed with the Authority of the State, and that Such a defendant Subjects another person to deprivation of Constitutional rights within the meaning of the Statute if he or She does an affirmative act, participates in another's affirmative act, or omits to preform an act which he or She is legally required to do. (See) Antieau, Federal Civil Rights Act § 51

\* Congress has authorized a limited waiver of Sovereign immunity under (FTCA) for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the Claimant in accordance with the law of the place where the act or omission occured. 28 U.S.C.A. § 1346

\* No officer, employee, or agent of the State or any of it's subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in scope of her or his employment or function, unless such employee or agent acted in bad faith or with Malicious purpose or in a manner exhibiting wanton s willful disregaurd of human rights, safety, or property. Fla. Stat. § 768.28 (9)(a) [emphlsis added]

\* A plaintiff may establish that qualified immunity is not appropriate in §1983 action by showing that: 1 facts, as alleged and viewed in light most favorable to him, established a Constitutional Violation, and, if so, 2 Constitutional right Violated was Clearly established. Blackshear -V- City of Miami Beach (799 F.supp.2d 1338) S.D. Fla. (2011)

[T]he 11th Circuit has identified Malicious Prosecution as a Violation of the 4th Amendment and a Viable Constitutional tort Cognizable under §1983.

SKop-V-City of Atlanta (485 F.3d 1130) 11th Cir. (2007)


The Six elements of Malicious Prosecution in Florida are:

* An original Criminal or Civil judicial proceeding against the present plaintiff was Commenced or Continued;

* The present defendant was the legal Cause of the original proceeding against the present Plaintiff as the defendant in the original proceeding;

* The termination of the original proceeding Constituted a bona fide termination of that proceeding in favor of the present plaintiff;

* There was an absence of probable Cause for the original proceeding;

* There was malice on the part of the present defendant;

* The plaintiff Suffered damages as a result of the original proceeding.

In action for malicious prosecution under Florida law, it is not necessary for a plaintiff to prove actual malice; legal malice is sufficient and may be inferred from, among other things lack of probable cause, gross negligence, or great indifference to persons, property, or rights of others. Blackshear -V- City of Miami Beach (799 F.supp.2d 1338) S.D.Fla(2011) Olson -V- Johnson (961 so.2d 356) Fla. 2nd DCA (2007)


Under Florida law, legal malice is inferred in malicious prosecution action where there is finding of lack of probable cause, even where actual malice is not shown. Douglas -V- U.S. (2011) WL 2471516 (M.D.Fla)


Malicious prosecution is "the kind of claim where plaintiff, as part of the commencement of the criminal proceeding has been unlawfully[3], forcibly restrained in violation of the 4th Amendment and injuries, due to that seizure, follow as the prosecution goes ahead." Whiting -V- Traylor (85 F.3d 581 (584) 11th Cir. (1996)


Under Florida law, probable cause to file criminal complaint is purely matter of law for court where material facts are undisputed. Sharp -V- City of Palatka (529 F.supp.2d 1342) M.D.Fla. (2007)

Under Florida law "[a]n actionable Conspiracy requires an actionable tort or wrong." Florida Fern Growers Ass'n -V- Concerned Citizens (616 So. 2d 562, 565) Fla. Ct. app. (1993) For Civil Conspiracy to be actionable, it must be "based on an existing independant wrong or tort that would Constitute a valid Cause of action if committed by one actor." Dasher -V- Essex ins. Co. (178 F.3d 1209, 1218) 11th Cir. (1999)

The purpose of a Civil Conspiracy is not to impose liability for the Commission of a specific tort; rather, it is usefull as a way of allocating liability to those persons who agreed to the Common purpose, but may not have actively participated in the Commission of the underlying tort.

Intentionally

Left

Blank

Under Florida law, the real basis & substance of a legal malpractice suit is breach of the duties within the personal relationship between the attorney-client.

Noyes -V- Universal Underwriters ins. Co. (2014) WL 983475 (M.D.Fla.)

The three elements of legal malpractice in Florida are:

* the attorney's employment;
* the attorney's neglect of reasonable duty;
* the attorney's negligence as the proximate cause of the Client's loss;

Florida Supreme Court Justice Wells, J., Concurring in Rowell -V- Holt (850 so.2d 474) Fla.(2003) [I] noted that in Schreiber-V- Rowe (814 so.2d 396(399) Fla.(2002) this court adopted a specific rule pertaining to legal malpractice claims against public defenders that a plaintiff "as part of the causation element of the cause of action, [is] to prove by greater weight of evidence that he was innocent of the crimes charged in the underlying criminal proceeding." Id at 399 (quoting) Rowe -V- Schreiber (725 so.2d 1245(1251) Fla. 4th DCA (1999); (see) Johnson -V- Gibson (837 so.2d 481) Fla. 5th DCA (2002) review dismissed No SC03-399 (845 so.2d 890) Fla.(2003)

In view of this specific condition requiring a plaintiff to prove innocence in this cause of action, I believe that when a plaintiff can carry this burden of proof and also demonstrate that the legal malpractice caused a loss of liberty, the damages which should be available to be

recovered by the plaintiff should logically be the same damages as are available to be recovered for the tort of false imprisonment. Certainly, I recognize that false imprisonment, unlike legal malpractice is an intentional tort. But under our precedent a claim for false imprisonment can be brought regardless of malice. Thus, I cannot see that the difference between intent and negligence in this instance should control the compensatory damages which can be recovered. An innocent person falsely imprisoned is equally damaged in respect to compensatory damages, regardless of whether the imprisonment flows from intentional conduct by a store owner or negligent conduct by a public defender.

# Intentionally

## Left

## Blank

WHEREAS,

The facts Stated supra illustrate prima facie cause for plaintiff to demand relief from defendants,

WHEREFORE,

Plaintiff demands from defendants,

$ 8 million (USD)

AND,

$ 12 million (USD)  punitive damages,

AND

A written apology from the State of Florida,

AND,

A written apology from the City of Jacksonville.

Respectfully,

Brian Albert Kelsey Wilbur
5501 College Rd
Key West Fl 33040

## Certificate of Service

I Hereby Certify that the original and a correct copy of the foregoing document has been placed in the hands of an institutional officer for mailing to be furnished and forwarded by prepaid U.S. Mail delivery on July 20ᵗʰ____, 2014 to the following:

1) Clerk of Court
   U.S. District Court.

2) Middle District of Florida
   300 N. Hogan St
   Jacksonville, FL 32202

### Oath

Under Penalties of Perjury, I hereby declare that I have read the foregoing document: __Complaint__ and the facts stated therein are true and correct.

Executed on __July 20ᵗʰ____, 2014

_____
Brian Albert Kelsey Wilbur, Pro Se
C/o M.C.D.C.
5501 College Rd.
Key West, FL. 33040

(26)